UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-10878-AB-PVC | Date: | November 14, 2025 |
|---|---|---|---|

| Title: | *Abel Mani Tlahuel v. Fereti Semaia et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>GRANTING</u> PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 4]**

On November 13, 2025, Petitioner Abel Mani Tlahuel ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," Dkt. No. 1) under 28 U.S.C. § 2241, challenging his detention by the Respondents. On the same day, Petitioner filed an Ex Parte Application for a Temporary Restraining Order ("TRO Appl.," Dkt. No. 4). On November 14, 2025, the Respondents filed an opposition (Dkt No. 5). For the reasons set forth below, Petitioner's TRO Application is **<u>GRANTED</u>**.

### I.   BACKGROUND

Petitioner is a 43-year-old Mexican citizen who has been living in the United States for over 36 years, after entering as a child in 1989. Pet. ¶¶ 10, 15. Petitioner is married to a U.S. citizen and has three U.S. citizen children. Pet. ¶¶ 17. Petitioner has maintained steady employment, sometimes in multiple jobs at once, to support his family. Pet. ¶19.

On October 2, 2025, Petitioner was arrested during an immigration raid and was transferred to the custody of Immigration and Customs Enforcement ("ICE") at the Adelanto Detention facility in Adelanto, California, where he remains as of the filing of the TRO. Pet. 22, TRO Appl. at 3. The Department of Homeland Security has charged Petitioner as an interior noncitizen under § 212(a)(6)(A)(i), not as an arriving alien. Pet. ¶ 22. Petitioner alleges that his continued detention by ICE without a bond hearing violates his statutory right to a bond hearing under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and the Administrative Procedure Act. In his TRO Application, Petitioner seeks an order: (1) enjoining Respondents from transferring him out of District or removing or arresting him on the same factual basis while this action is pending; (2) enjoining Respondents from continuing to detain him under 8 U.S.C. § 1225(b); and (3) requiring Respondents to either release him or provide him an individualized bond hearing under 8 U.S.C. § 1226(a).

Respondents argue that this Court does not have jurisdiction over the matter. Alternatively, should the Court find jurisdiction, Respondents argue that Petitioner's TRO Application fails on the merits.

## II. DISCUSSION

As Respondents acknowledge, in recent months, multiple Courts in this district and throughout the country have addressed the issues raised by the TRO Application. And as Respondents acknowledge, "[t]his Court issued an order addressing this issue on October 24, 2025 in *X.R.M. v. Fereti Semaia et al.*, [Dkt. no. 9], which granted a TRO and requiring a § 1226(a) bond hearing to be held before an immigration judge within seven (7) Days." Opp'n 1:13-16. Indeed, this Court has recently addressed all of the issues raised herein three times. *See Miguel Santiago Flores v. Kristi Noem*, No. 5:25-cv-02490-AB-AJR (C.D. Cal. Sept. 29, 2025); *X.R.M. v. Semeti*, No. 5:25-cv-02783-AB-PVC (C.D. Cal. Oct. 24, 2025); *Benigno Gonzalez Ponce v. Todd Lyons*, Case No. 2:25-cv-10493-AB-PVC (C.D. Cal. Nov. 7, 2025). The Court also notes that Respondents' opposition brief in this case is almost verbatim its prior briefs.

The Court sees no reason to depart from the reasoning it fully set forth three times before. Thus, for the same reasons articulated in these earlier decisions, the Court finds that it has jurisdiction over this matter. And for the reasons discussed in this Court's prior Orders, Petitioner has satisfied the standard to obtain a TRO because he has shown: (1) a likelihood of success on the merits of his claim that

his continued detention under 8 U.S.C. § 1225(b) violates at least the Immigration and Nationality Act and the Due Process Clause because he is subject instead to 8 U.S.C. § 1226(a), *see Jennings v. Rodriguez*, 583 U.S. 281, 287-289 (2018) (§ 1225 applies to "an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,'" and applies at "the Nation's borders and ports of entry…" whereas § 1226 applies to noncitizens *currently residing* in the country but who "do not have an absolute right to remain here"), which establishes a discretionary detention scheme and thus entitles him to a bond hearing; (2) that Petitioner's continued detention in ICE custody without a bond hearing constitutes irreparable harm, *see Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (the "deprivation of constitutional rights 'unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); and (3) both the balance of the equities and (4) the public interest weigh heavily in Petitioner's favor because his continued detention pursuant to § 1225(b) and without the bond hearing to which § 1226(a) entitles him constitutes a violation of federal law, *see Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (stating that violations of federal law are neither equitable nor in the public's interest).

According, all of the TRO factors weigh in favor of Petitioner.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Petitioner's Application for a Temporary Restraining Order and **ORDERS**:

1. Respondents must provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) by Friday, November 21, 2025.

2. Petitioner and Respondents must file a status report on the individualized bond hearing by Monday, November 24, 2025, at 12:00 p.m. (noon) PST.

3. Respondents are further ordered to show cause, in person, why a preliminary injunction should not issue on Wednesday, November 26, 2025, at 10:00 a.m.

4. This Order will be in effect for a period of fourteen (14) days from entry hereof, after which it will expire absent further order of the Court.

5. Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation.

**SO ORDERED.**